Shah Peerally (CA Bar No: 230818)
Erich Keefe (CA Bar No: 226746)
LAW OFFICES OF SHAH PEERALLY
4510 Peralta Blvd, Suite 23
Fremont, CA 94536
Telephone: (510) 742 5887
Fax: (510) 742 5877

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO, CALIFORNIA

_____

| | |
|---|---|
| Ying Zhang and Dr. Clark Thomas Welsh ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | Case No. C0704515SI |
| vs. ) | |
| ) | |
| Alberto Gonzales, Attorney General of the ) | COMPLAINT FOR MANDAMUS |
| United States; Michael Chertoff, Secretary of the ) | TO COMPEL DEFENDANTS |
| Department of Homeland Security; Emilio ) | TO COMPLETE ADJUDICATION |
| Gonzalez, Director of United States Citizenship & ) | OF ADJUSTMENT OF STATUS |
| Immigration Services; Robert S. Mueller, III, ) | APPLICATION AND IMMEDIATE |
| Director of the Federal Bureau of Investigations; ) | RELATIVE PETITION |
| Christina Poulos, Director of the California Service ) | |
| Center; Robin Barrett, USCIS District Director, ) | A 98-262-624 |
| et al; ) | WAC 0515950177 |
|     Defendants ) | |

_____

### PLAINTIFFS' ORIGINAL COMPLAINT
### FOR WRIT IN THE NATURE OF
### MANDAMUS

    COME NOW Mrs. Ying Zhang and Dr. Clark Thomas Welsh, Plaintiffs in the above-styled

and numbered cause, and for cause of action would show unto the Court to following:

1.    This action is brought against the Defendants to compel action on an application for

    classification as an Immediate Relative and for lawful permanent resident status properly

    filed by the Plaintiffs. The application was filed and remains within the jurisdiction of the

Defendants, who have improperly withheld action on said application to Plaintiffs' detriment.

## PARTIES

2. Plaintiff Mrs. Ying Zhang is a 38 year old native and citizen of China. She entered the United States on or about August 5, 1998 on an F-1 visa. She received an optional practical training employment authorization on or about July 6, 2000 which was valid until June 5, 2001. On or about June 15, 2001, Mrs. Ying Zhang changed her status to H-1B. She married Plaintiff, Dr. Clark Thomas Welsh, a United States citizen on February 10, 2005. Plaintiffs submitted forms I-130, I-485, I-765, and I-131 to the United States Citizenship and Immigration Services (USCIS) San Francisco office on February 26, 2005. Plaintiffs attended their USCIS interview on September 6, 2005. At the conclusion of that interview, Plaintiffs were told that the I-130 petition had been approved. However, as of filing of this complaint, Plaintiffs have not received written notice of any decision on the I-130 petition or the adjustment of status petition.

3. Defendant Alberto Gonzales is Attorney General of the United States, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Justice. 8 U.S.C. §1103(a). More specifically, the Attorney General is responsible for the adjudication of applications for adjustment of status filed pursuant to §245 of the Immigration and Nationality Act (INA), 8 U.S.C. §1255. The United States Citizenship and Immigration Service is an agency within the Department of Justice to whom the Attorney General's authority has in part been delegated, and is subject to the Attorney General's supervision.

4. Defendant Michael Chertoff, is Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. He is charged with supervisory authority over all operations within the Department of Homeland Security. The United States

Citizenship and Immigration Service is an agency within the Department of Homeland Security to whom the Secretary of Homeland Security's authority has in part been delegated, and is subject to his supervision.

5.  Defendant, Emilio Gonzalez, is Director of USCIS, and this action is brought against him in his official capacity. He is charged with supervisory authority over all operations of USCIS.

6.  Defendant, Christina Poulos, is Director of the USCIS California Service Center, and this action is brought against her in her official capacity. She is charged with supervisory authority over all operations of the California Service Center.

7.  Defendant, Robin Barrett, USCIS District Director is the official of the United States Citizenship and Immigration Service generally charged with supervisory authority over all operations of the USCIS within her District with certain specific exceptions not relevant here. This action is brought against her in her official capacity. 8 CFR §103.1(g) (2)(ii)(B). As will be shown, Defendant District Director is the official with whom Plaintiffs' USCIS applications were properly filed.

8.  Defendant, Robert S. Mueller, III, Director of the Federal Bureau of Investigations is charged with Supervisory Authority over all operations of the FBI. Defendant, Robert Mueller, III, is responsible for the completion of the security clearance in Plaintiffs' case.

## JURISDICTION

9.  Jurisdiction in this case is proper under 28 U.S.C. §§1331 and 1361, 5 U.S.C. §701 *et seq.*, and 28 U.S.C. §2201 *et seq.* Relief is requested pursuant to said statutes.

## VENUE

10. Venue is proper in this court, pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant resides and where a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred. More specifically, Plaintiffs' applications for Immediate relative

status and for lawful permanent resident status were properly filed and, to Plaintiffs' knowledge, remain pending with the San Francisco USCIS District Director.

## EXHAUSTION OF REMEDIES

11. Plaintiffs have exhausted their administrative remedies. Plaintiffs have made numerous in-person, telephonic and written inquiries concerning the status of the applications to no avail. Plaintiffs have been assisted in their attempt to have their applications adjudicated by the staff of Congresswoman, Nancy Pelosi. There are no administrative remedies remaining for the Plaintiffs to exhaust, because there is no administrative body to which they can appeal the refusal of the Defendants to perform their ministerial duties.

## CAUSE OF ACTION

12. After Mrs. Ying Zhang's marriage, her husband Dr. Clark Thomas Welsh petitioned the Defendant U.S.C.IS in February 2005 to classify his wife, Mrs. Ying Zhang as an "immediate relative" pursuant to INA §201(b)(2)(A)(i). Approval of this petition is a prerequisite to Mrs. Ying Zhang adjusting her status to that of a lawful permanent resident pursuant to INA §245. Mrs. Ying Zhang simultaneously submitted an application for adjustment of status pursuant to INA § 245.

13. The petition filed by Dr. Clark Welsh was orally approved by the USCIS on September 6, 2005, at the end of the Plaintiffs interview. However, Plaintiffs have not received any written notice of decision regarding the I-130 petition.

14. All legal prerequisites having been satisfied, Mrs. Ying Zhang applied for adjustment of status to lawful permanent resident with the Defendant District Director on February 26, 2005. At the time of said filing, such applications were being adjudicated by the Defendant District Director in a period of between three and nine months.

15. Mrs. Ying Zhang's application for adjustment of status has now remained unadjudicated for two and one half years. See Nadler v. INS, 737 F.Supp. 658 (D.D.C. 1989)(a delay of two

years in the processing of an application for adjustment of status was considered unreasonable); Paunescu v. INS, 76 F.Supp. 2d 896, 902 (N.D. ILL. 1999)(mandamus granted for two-year delay in processing adjustment of status application). Yu v. Brown, 36 F. Supp. 2d 922, 935 (D.N.M. 1999) (two and one half year delay is on its face an unreasonable amount of time to process a routine application and requires an explanation).

16. Defendants have sufficient information to determine Plaintiffs' eligibility pursuant to applicable requirements. To date, said applications have not been adjudicated.

17. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and have refused to adjudicate Plaintiffs' applications for over two years, thereby depriving them of the right to a decision on their status and the peace of mind to which Plaintiffs are entitled.

18. Mrs. Ying Zhang has been further damaged by being deprived of the status of lawful permanent resident during the interminable pendency of her various applications. Mrs. Ying Zhang seeks to integrate fully into American life, society and culture. Naturalization as an American citizen, with the rights and privileges inherent therein, depends upon prior permanent resident status for at least 3 years. INA § 319(a), 8 U.S.C. § 1430(a). Mrs. Ying Zhang is therefore being deprived of the right to accumulate the requisite time as a permanent resident before she is eligible to apply for naturalization, as a direct result of Defendants' failure to timely adjudicate her application to adjust status.

19. Plaintiffs have been further damaged by the failure of Defendants to act in accord with their duties under the law.

 (a) Specifically, Plaintiff Mrs. Ying Zhang and Dr. Clark Welsh would like to travel internationally. So long as her application for adjustment of status is pending, her

travel is restricted by federal regulation which requires special permission to travel abroad ("advanced parole") during the pendency of such applications. 8 CFR §245.2(a)(4). Departure without the advanced parole would be deemed an abandonment of the permanent resident application. *Id.* Plaintiffs have therefore been forced to repeatedly apply (and pay) for this special travel permission, and are unable to travel while said advanced parole applications have been pending. This situation operates to the great inconvenience and harassment of Plaintiffs.

(b) Plaintiff Mrs. Ying Zhang has further been damaged in that her employment authorization is tied to her status as an applicant for permanent residency, and is limited to increments not to exceed one year. 8 CFR §274a.12(c)(9). Therefore, as in the case of the advanced parole, Mrs. Ying Zhang has been forced to repeatedly apply (and pay) for extensions of employment authorization, to the continued inconvenience and harassment of Mrs. Ying Zhang, which is required by law to continually insure her work eligibility. INA §274A(a)(2), 8 U.S.C. §1324a(a)(2).

20. The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. §701 *et seq.*, are unlawfully withholding or unreasonably delaying action on Plaintiffs' applications and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

21. Plaintiffs have made numerous status inquiries in an attempt to secure adjudication of their applications, all to no avail. Accordingly, Plaintiffs have been forced to retain the services of an attorney to pursue the instant action.

## PRAYER

22. WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court

enter an order:

(a) requiring Defendants to adjudicate both Plaintiffs' applications for immediate relative classification and for adjustment of status within 30 days;

(b) awarding Plaintiffs' reasonable attorney's fees; and

(c) granting such other relief at law and in equity as justice may require.

Dated: August 30, 2007                                    Respectfully submitted,


                                                          _____
                                                          Shah Peerally, Esq.
                                                          Attorney for Plaintiffs



                                                          _____
                                                          Erich Keefe, Esq
                                                          Attorney for Plaintiffs

## LIST OF EXHIBITS

*Exhibit Description*

A   Notice of Receipt of I-485 dated 5/5/2005;

B   Receipt for payment of USCIS fees dated March 1, 2005;

C   Biometrics processing stamp dated May 19, 2005;

D   Adjustment of Status Interview Notice dated 8/15/2005 for interview on 9/6/2005;

E   Biometrics Stamp dated February 6, 2007;

F   InfoPass appointment notice dated February 5, 2007;

G   Letter to Congresswoman Nancy Pelosi dated April 2, 2007;

H   Case Status Search notice confirming that "Case received and pending"; and

I   Email correspondence between the Plaintiffs and Harriet Ishimoto, Immigration Specialist, Office of Congresswoman, Nancy Pelosi.